IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD D. HARRIS, # S-12983,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-1006-NJR |
| ) | |
| **LAWRENCE CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. Plaintiff filed this action on September 17, 2014, with a pleading entitled "Petition for Restoration" (Doc. 1). Plaintiff did not use one of the Court's standard forms for a complaint or petition; instead, he drafted his own pleading. He seeks injunctive relief to restore all or some of the 90 days of good time that he lost as the result of a prison disciplinary proceeding. In addition, he alleges that he has been subjected to overcrowded conditions, discrimination, negligence, and emotional stress and was forced to enter protective custody as a result of prison officials' actions. He also seeks a transfer to another prison due to threats to his safety.

The claims regarding Plaintiff's conditions of confinement are properly brought in a civil rights action pursuant to 42 U.S.C. § 1983, therefore, his case was docketed as a civil rights matter. The claim for restoration of good conduct credits, however, is not cognizable in a civil rights case. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Because the loss of good time affects the duration of Plaintiff's

confinement, that claim may be pursued only in a habeas corpus action under 28 U.S.C. § 2254, and then only after Plaintiff has first exhausted his remedies in the state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).

Upon docketing this case, the Clerk of Court sent Plaintiff a letter directing him to either pay the filing fee for this action or submit a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). Plaintiff was warned that if he did not take one of these actions within 30 days, his case would be dismissed. That 30-day deadline fell on October 17, 2014. To date, Plaintiff has failed to respond in any way. This civil rights action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this § 1983 action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Because this case has been construed as a civil rights action pursuant to § 1983, the dismissal shall not operate as a bar to a properly-filed habeas petition seeking the restoration of good conduct credits.[1]

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Even though the case will be dismissed, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and the filing fee of $400.00 remains due

---

[1] Again, Plaintiff shall note that exhaustion of the good-time restoration claim in the state courts must be accomplished before a federal habeas action may be maintained. The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. Ct. 2004).

and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: **Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202**.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Lawrence Correctional Center upon entry of this Order.

Finally, if Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

    **IT IS SO ORDERED.**

    **DATED:  October 27, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).